# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| GERALD H. MILLER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV608-104 |
| DON JARRIEL, *Warden*; and THE ATTORNEY GENERAL OF THE STATE OF GEORGIA, | ) ) ) ) | |
| Respondents. | ) ) | |

## **REPORT AND RECOMMENDATION**

Petitioner, currently confined at Smith State Prison in Glennville, Georgia, has submitted a petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1993 Chatham County conviction for aggravated sodomy and rape. (Doc. 1.) For the following reasons, Miller's motion to proceed *in forma pauperis* is **GRANTED**, but his case should be **DISMISSED**.

In the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, Congress amended the federal habeas statute to require that a second or successive petition be certified by a panel of the

appropriate court of appeals prior to being brought in any district court. See 28 U.S.C. § 2244(b)(3)(A) (noting that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

The Seventh Circuit held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding that district court lacked jurisdiction to consider a second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (holding that district court properly denied successive petition because movant neglected to obtain a certificate from the federal appellate court authorizing consideration of the motion).

The record indicates that petitioner previously filed a § 2254 petition in this Court on August 20, 2003, challenging the same

2

conviction he challenges in the instant § 2254 petition. See Miller v. Terry, CV403-160 (S.D. Ga. Nov. 7, 2003). The district judge dismissed the petition as untimely on November 7, 2003.[1] Id. (Doc. 15.) Accordingly, this is Miller's second § 2254 petition attacking the same conviction. Because the instant petition is successive and petitioner has not sought or received authorization from the Eleventh Circuit to file it, this Court is not at liberty to consider it. Accordingly, the Court should **DISMISS** this petition as successive.

In addition, Miller's petition is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). For petitioners whose state convictions became final prior to the effective date of AEDPA, however, the Eleventh Circuit has held that the one-year statute of limitations began to run on the date AEDPA went into effect. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, a petitioner whose state convictions occurred prior to April 24, 1996,

---

[1] A dismissal of a petition as untimely qualifies as a dismissal on the merits and therefore "counts for purposes of § 2244(b)." Kelley v. Kingston, 2006 WL 1674461, at *1 (E.D. Wis. June 13, 2003) (citing Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005) (Posner, J.)).

which is the effective date of AEDPA, must have filed a federal habeas corpus petition prior to April 24, 1997 to avoid having the petition barred by the one-year statute of limitations. United States v. Moore, 344 F.3d 1313, 1320 (11th Cir. 2003).

As noted by the Court in its Report and Recommendation in Miller's prior § 2254 petition, his conviction became final before 1996. Miller, No. CV403-160 (Doc. 11). Consequently, he had until April 24, 1997 to seek federal habeas relief. His present federal habeas petition was not filed until November 20, 2007, over ten years outside the applicable limitations period, so it is time-barred under § 2244. Thus, even if his petition were not successive, it would receive no consideration by the Court. Consequently, this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this __8th__ day of December, 2008.

s/ G. R. SMITH<br>
**UNITED STATES MAGISTRATE JUDGE**<br>
**SOUTHERN DISTRICT OF GEORGIA**